UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:12-CV-191-BR

| | | |
|---|---|---|
| JOHNNIE IVEY JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| PITT COUNTY SCHOOLS, JENNIFER POPLIN, GLEN BUCK, DELILAH JACKSON and BEVERLY EMORY, | ) ) ) | |
| | ) | |
| Defendants. | ) | |

The matters before the court are: (1) the 21 September 2012 motion for summary judgment (DE # 15) filed by *pro se* plaintiff Johnnie Ivey Johnson ("plaintiff"); (2) plaintiff's 9 October 2012 addendum to add another defendant, additional charges, and relief (DE # 16); the 22 October 2012 motion to dismiss (DE # 17) filed by defendants Pitt County Schools, Jennifer Poplin, Glen Buck, Delilah Jackson, and Beverly Emory ("defendants"); and (4) plaintiff's 22 April 2013 motion to be heard (DE # 25). These matters are ripe for disposition.

In his complaint, plaintiff maintains that his removal from the substitute teacher list at E.B. Aycock Middle School in Greenville, North Carolina was improper and violated his rights. The court first addresses plaintiff's addendum to add another defendant, additional charges, and relief. In the addendum, plaintiff states that he "comes . . . to petition the Court to add Cathy Kirkland, Principal of Eastern Elementary School . . . as a defendant to this case, for violating his due process rights, Title Vll [sic] Civil Rights Act of 1964 on the basis of retaliation, and for defamation of his character and to further show how Defendant, Glen Buck, Personnel Director committed same in his support of her in these violations." (Pl.'s Addendum, DE # 16, at 1.) Plaintiff also seeks to "amend the correct name of the corporate entity of the Defendant in this

case from Pitt County Schools to Pitt County Board of Education." (Pl.'s Resp. Mot. Dismiss, DE # 20, at 2 (internal quotation marks and emphasis omitted).)

In his addendum and in his response to defendants' motion to dismiss, plaintiff further specifies his additional allegations regarding his Title VII retaliation claim. He asserts that he was removed from the substitute teacher list at Eastern Elementary in retaliation for having filed the instant lawsuit against defendants. (Id. at 12-13; see also Pl.'s Addendum, DE # 16, at 1-2.) Plaintiff's removal from the substitute teacher list at Eastern Elementary occurred approximately one month after he filed this action relating to his removal from the substitute teacher list at E.B. Aycock Middle School. (See Pl.'s Addendum, Exs. H & J, DE ## 16-1, 16-3.) Plaintiff alleges that Catherine Kirkland ("Kirkland"), the principal of Eastern Elementary, submitted an unfounded evaluation requesting that he not return to the school and that defendant Glen Buck ("Buck") "signed-off" [sic] on that request. (Pl.'s Resp. Mot. Dismiss, DE # 20, at 11; see also Pl.'s Addendum, DE # 16, at 2 (Buck "granted" Kirkland's request for removal).) He also states that Buck "clearly was aware of the protective activity initiated by Plaintiff" at the time he was removed from the substitute teacher list at Eastern Elementary. (Pl.'s Resp. Mot. Dismiss, DE # 20, at 13.)

Defendants did not file a response to plaintiff's addendum. They explain this failure to respond in their reply memorandum that was submitted in support of their motion to dismiss, stating that "Plaintiff's 'Addendum To Add Another Defendant, Additional Charges, And Relief' is without effect and does not warrant a response from the Defendants." (Defs.' Reply Supp. Mot. Dismiss, DE # 21, at 5 n.1.) It appears that because plaintiff failed to title his document as a motion, defendants felt free to ignore it. However, pleadings drafted by a *pro se* litigant are

2

held to a less stringent standard than those drafted by attorneys. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972). This court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. See id.; Noble v. Barnett, 24 F.3d 582, 587 n.6 (4th Cir. 1994); Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978). Here, the previously quoted language of the addendum clearly indicates that plaintiff intended the document to be a motion to amend his complaint, and the court will treat it as such.

Federal Rule of Civil Procedure 15 instructs that a court "should freely give leave [to amend] when justice so requires."[1] Fed. R. Civ. P. 15(a)(2). "This liberal rule gives effect to the federal policy in favor of resolving cases on their merits instead of disposing of them on technicalities." Laber v. Harvey, 438 F.3d 404, 426 (4th Cir. 2006) (en banc). Thus, "leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile." Id. (citation and internal quotation marks omitted); see also Foman v. Davis, 371 U.S. 178, 182 (1962). An amendment is futile if it cannot withstand a motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). See Perkins v. United States, 55 F.3d 910, 917 (4th Cir. 1995).

In this case, the court finds that plaintiff has not acted in bad faith. The actions plaintiff complains of in the addendum, *i.e.*, his removal from the substitute teacher list at Eastern Elementary, occurred after the filing of the instant lawsuit and therefore could not have been included in his complaint. Moreover, the court cannot see how the amendments would be prejudicial to defendants, and they have made no argument to the contrary.

---

[1] In addition, a court may consider factual allegations outside of the complaint in determining whether to grant leave to amend. See, e.g., Broam v. Bogan, 320 F.3d 1023, 1026 n.2 (9th Cir. 2003).

Finally, the court considers whether plaintiff's proposed amendments to the complaint would be futile. The court again notes that defendants did not file a formal response to plaintiff's addendum. In their reply memorandum in support of their motion to dismiss, defendants make a perfunctory three-sentence argument that plaintiff failed to exhaust his administrative remedies through the Equal Employment Opportunity Commission with respect to the new retaliation allegations. (Defs.' Reply Supp. Mot. Dismiss, DE # 21, at 5.) However, the court notes that it is possible for claims of retaliation to be raised for the first time in federal court. See, e.g., Jones v. Calvert Grp., Ltd., 551 F.3d 297, 300-04 (4th Cir. 2009); Clockedile v. N.H. Dep't of Corr., 245 F.3d 1, 6 (1st Cir. 2001) (holding that retaliation claim arising after issuance of right-to-sue letter does not require filing of new charge "so long as the retaliation is reasonably related to and grows out of the discrimination complained of to the agency"). Thus, defendants' argument that plaintiff is definitively precluded from bringing a retaliation claim in this situation is without merit.

Furthermore, defendants' cursory argument applies only to the allegations made against Kirkland. (See Defs.' Reply Supp. Mot. Dismiss, DE # 21, at 5.) Defendants have completely failed to address the new allegations made by plaintiff in the addendum and in his response to the motion to dismiss regarding the part that Buck played in plaintiff's removal from the substitute teacher list at Eastern Elementary, and the court will not manufacture arguments for the defendants. Based on the undeveloped argument presented by defendants, the court cannot say at this time that plaintiff's proposed amendments are futile. As a result, plaintiff's motion to amend the complaint will be granted.

The court will allow plaintiff to file an amended complaint, with all exhibits referred to

4

therein attached, within 15 days of the date of this order.  If he chooses to file an amended complaint, it must be a complete document in and of itself; that is, it must not incorporate the original complaint by reference or any of the other documents that he has previously filed in this case.  Plaintiff should name the proper school entity as a defendant and properly effect service.  Plaintiff shall submit a completed summons for any defendant who was not named in his initial complaint so that service may be made in this case.  In addition, plaintiff is warned that in the future, the court will not consider any allegations that are outside of the amended complaint and its exhibits.  Thus, he may not raise new allegations when filing responses to defendants' motions.

Because the court is allowing plaintiff to amend his complaint, defendants' motion to dismiss will be denied without prejudice.  However, in light of the briefing that has already been done in this matter, the court warns plaintiff that he will not be given another chance to address the alleged deficiencies of his claims.  In other words, the court will not grant plaintiff another opportunity to amend the complaint.

The court now turns to plaintiff's motion for summary judgment.  The motion consists of a single sentence in which plaintiff conclusorily states that defendants "have no basis for a defensive answer to the charges of violating the due process clause to the Fourteenth Amendment of the United States Constitution, Title VII Civil [R]ights Act of 1964 and Defamation of my Character as stipulated in the complaint."  (Pl.'s Mot. Summ. J., DE # 15, at 2.)  Because plaintiff has made absolutely no substantive argument with respect to the motion, it will be denied.

Based on the foregoing, plaintiff's motion to amend the complaint (DE # 16) is

5

GRANTED. Plaintiff is ALLOWED to file an amended complaint, as outlined above, within 15 days of the date of this order. Plaintiff's motion for summary judgment (DE # 15) is DENIED. Because the court is allowing plaintiff to amend his complaint, his motion to be heard (DE # 25) is DENIED AS MOOT. Defendants' motion to dismiss the complaint (DE # 17) is DENIED WITHOUT PREJUDICE. The defendants may file another motion to dismiss if plaintiff submits an amended complaint or may renew its original motion to dismiss if plaintiff does not file an amended complaint in accordance with this order.

      This 21 May 2013.

                                            W. Earl Britt
                                            Senior U.S. District Judge

6

Case 4:12-cv-00191-BR   Document 26   Filed 05/21/13   Page 6 of 6